Law Offices of Vincent S. Wong
Vincent S. Wong
39 East Broadway, Suite 304
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

---

UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| JIA HU QIAN,<br><br>*Plaintiffs*<br><br>v.<br><br>SIEW FOONG HUI A/K/A AMY HUI AND AMY'S RESTAURANT INC, ABC CORP., operating under the trade name "AMY'S RESTAURANT"<br><br>*Defendants* | Civil Action No. |

## COMPLAINT

Plaintiff, Jia Hu Qian, by their undersigned attorneys, the Law Offices of Vincent S. Wong, bring this action to recover damages arising out of his employment at the Amy's Restaurant located at 586 West 207th Street, New York, NY 10034.

1. Plaintiff is a former employee of the Defendants Siew Foong Hui aka Amy Hui, Amy's Restaurant Inc. and ABC Corporation, operating under the trade name "Amy's Restaurant."

2. Throughout the course of his employment, Plaintiff regularly worked more than sixty hours each week for wages that fell below the legal minimum wage without receiving the overtime premiums required by law.

3. Throughout the course of his employment, Plaintiff was required to use his own car to make deliveries on behalf of the Defendants without receiving compensation as required by law.

4. As stated herein, Plaintiff state claims for the Defendants' failure to pay minimum wage, failure to pay overtime, and failure to pay expenses associated with the use of the Plaintiff's private vehicle to make deliveries.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### Plaintiff

8. Plaintiff Jia Hu Qian is a resident of Queens County in the State of New York.

9. Plaintiff Jia Hu Qian was employed as a deliveryman at Amy's Restaurant from approximately September 2007 to May 2011.

### Defendants

10. Upon information and belief, Defendant Siew Foong Hui aka Amy Hui is a resident of New York County in the State of New York.

11. Upon information and belief, Defendant Amy's Restaurant Inc. is a corporation organized and existing under the laws of the State of New York.

12. Upon information and belief, Defendant ABC Corporation is a corporation organized and existing under the laws of the State of New York.

13. Upon information and belief, Defendants Amy's Restaurant and ABC Corporation have a principle office and place of business at 586 West 207th Street, New York, NY 10034.

14. At all times relevant to this action, Defendants Amy's Restaurant and ABC Corporation conducted business under the trade name "Amy's Restaurant."

15. At all times relevant to this action, Defendants Amy's Restaurant and ABC Corporation owned and operated Amy's Restaurant located at 586 West 207th Street, New York, NY 10034.

16. Upon information and belief, Siew Foong Hui aka Amy Hui is the chairman or chief executive officer of Defendants Amy's Restaurant and ABC Corporation.

17. Upon information and belief, at all times relevant to this action, Defendant Siew Foong Hui aka Amy Hui had the power to hire and fire Plaintiff who worked for Amy's Restaurant control their terms and conditions of employment, and determine the rate and method of any compensation provided to the Plaintiff.

18. At all times relevant to this action, Amy's Restaurant was an employer of the Plaintiff who worked at Amy's Restaurant located at 586 West 207th Street, New York, NY 10034.

19. Upon information and belief, has been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that it (i) has had employees engaged in commerce or in the production of goods for commerce and handling, selling, otherwise working on goods or materials that have been moved in or produced for commerce by any person, and (ii) has had an annual gross volume of sales of not less than $500,000.

## FACTS

20. Defendants Siew Foong Hui aka Amy Hui, Amy's Restaurant Inc. and ABC Corporation (together "Defendants") own and operate a restaurant in New York County located at 586 West 207th Street, New York, NY 10034 operating under the trade name "Amy's Restaurant."

21. Amy's Restaurant served food to customers on premises, provided take-out service and also provided delivery service.

22. Plaintiff was employed at Amy's Restaurant located at 586 West 207th Street, New York, NY 10034.

23. Plaintiff held the position of "deliveryman" while employed by the defendants. Deliverymen typically took prepared food to customers at their home addresses.

24. Upon information and belief, at all times relevant to this action, Plaintiff handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

**Plaintiff's Wages, Hours, and Working Conditions**

25. Plaintiff regularly worked significant overtime hours while employed by the Defendants. Plaintiff regularly worked approximately sixty or more hours per week while employed by the Defendants.

26. Plaintiff regularly worked for the Defendants for six days per week during most or all of his employment.

27. Plaintiff worked approximately from 12 p.m. to 10 p.m. Monday through Sunday.

28. Plaintiff was only allowed one day off a week, usually on Wednesday.

29. Plaintiff was permitted only *de minimus* breaks during the day.

30. Upon information and belief, at all times relevant to this action, the Defendants compensated the Plaintiff below the minimum wage as required by Fair Labor Standards Act and New York Labor Law

31. Defendants did not notify the Plaintiff of the minimum wage provisions of the Fair Labor Standards Act.

32. Defendants did not notify the Plaintiff of the tip credit provisions of the Fair Labor Standards Act.

33. Defendant did not notify the Plaintiff of the Defendants' intention to claim a tip credit against their minimum wage obligations.

34. Plaintiff did receive tips as a regular and customary portion of his employment at Amy's Restaurant.

35. Defendants did not compensate the Plaintiff for the use of his personal car for the delivery of prepared food to the customers of the Defendants.

36. Defendants did not pay any of the Plaintiff the minimum wage and overtime compensation required by both the Fair Labor Standards Act and New York Labor Law.

## CAUSES OF ACTION

## COUNT I

### Claim for Minimum Wages under the Fair Labor Standards Act

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

38. At all times relevant to this action, the Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d).

39. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

40. Defendants willfully failed to compensate the Plaintiff the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

41. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

42. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), all in an amount to be determined at trial.

49. At all times relevant to this action, the Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d).

50. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

51. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty per week at a wage rate of 1.5 times his regular rate of pay or, at a minimum, the minimum wage to which Plaintiff is entitled under 29 U.S.C. § 206(a), in the violation of 29 U.S.C. § 207(a)(1).

52. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

53. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT IV

### Claim for Overtime Wages under New York Labor Law

54. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

55. At all times relevant to this action, Plaintiff is employed by Defendants within the meaning of within the meaning of New York Labor Law §§ 2 and 651.

## COUNT II

### Claim for Minimum Wages under New York Labor Law

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

44. At all times relevant to this action, Plaintiff is employed by Defendants within the meaning of within the meaning of New York Labor Law §§ 2 and 651.

45. At all times relevant to this action, Defendants were employers within the meaning of within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

46. Defendants willfully failed to record, credit, or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652, and applicable regulations.

47. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages, and an amount equal to one quarter of his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the New York Labor Law, specifically New York Labor Law § 663(1), all in an amount to be determined at trial.

## COUNT III

### Claim for Overtime Wages under the Fair Labor Standards Act

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

56. At all times relevant to this action, Defendants were employers within the meaning of within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

57. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty per week at a wage rate of 1.5 times his regular rate of pay or, at a minimum, the minimum wage to which Plaintiff is entitled under New York Labor Law § 652, in violation of 12 N.Y.C.R.R. § 137-1.3.

58. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages, and an amount equal to one quarter of his unpaid minimum wages in the form of liquidated damages as well as reasonable attorneys' fees and costs of the action, pursuant to the New York Labor Law, specifically 12 N.Y.C.R.R. § 137-1.3, all in an amount to be determined at trial.

## COUNT V

### Claim For Spread of Hours Payments under New York Law

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

60. Under New York Law, an employee is entitled to an extra hour's wages for any day when the employee's "spread of hours" exceeds 10 hours. 12 N.Y.C.R.R. § 137-1.7. "Spread of hours" is defined as the "interval between the beginning and end of the workday." 12 N.Y.C.R.R. § 137-3.11.

61. Defendants regularly required the Plaintiff to work in excess of 10 hours a day during the term of the Plaintiff's employment. Defendants had full knowledge that they were requiring Plaintiff to work above and beyond 10 hours a day.

62. Defendants did not provide the required additional compensation for any days during which the Plaintiff's spread of hours exceeded 10 hours.

63. Accordingly the Plaintiff is entitled to recover from the Defendants, jointly and severally, all spread of hours payments in the form of one hour of additional pay at the minimum wage rate for each day in which the Plaintiff had a spread of hours in excess of 10 hours, liquidated damages, reasonable attorney's fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

**VIOLATIONS OF LAWS; PUNITIVE DAMAGES**

64. Upon information and belief, the Defendants have violated various provisions of the Internal Revenue Code and its regulations, New York State and New York City tax laws, Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq, New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650-655, federal and New York labor laws, including Equal Employment Opportunity laws, Federal and New York Minimum Wage laws, Federal and New York labor posting and notice requirements, Federal and New York Fringe Benefits laws.

65. The actions of Defendants constituted acts and omissions, which were so grossly negligent and unconscionable, including without limitation the violations of applicable laws set forth above, that the imposition of punitive damages are warranted.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully request that judgment be granted:

(1) Declaring the Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA, New York Labor Law, and the respective applicable statutes and regulations;

(2) Awarding the Plaintiff unpaid minimum wages due under the FLSA, New York Labor Law, and the respective applicable statutes and regulations;

(3) Awarding the Plaintiff unpaid overtime wages due under the FLSA, New York Labor Law, and the respective applicable statutes and regulations;

(4) Awarding the Plaintiff liquidated damages;

(5) Awarding the Plaintiff pre-judgment and post-judgment interest;

(6) Awarding the Plaintiff's costs of this action, together with reasonable attorneys' fees;

(7) Awarding any further relief as this Court deems necessary and proper.

Dated: New York, NY
August 8, 2011

Respectfully submitted,

_____
Vincent S. Wong, Esq.

Law Offices of Vincent S. Wong
Vincent S. Wong
39 East Broadway, Suite 304
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiffs*

---

UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| JIA HU QIAN,<br><br>*Plaintiffs*<br><br>v.<br><br>SIEW FOONG HUI A/K/A AMY HUI AND AMY'S RESTAURANT INC, ABC CORP., operating under the trade name "AMY'S RESTAURANT"<br><br>*Defendants* | Civil Action No. |

---

**SUMMONS AND COMPLAINT**

By: /s/ Vincent S. Wong
Vincent S. Wong, Esq.